UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MICHAEL D'AMICO,

    Plaintiff,

v.                                         Case No. 8:23-cv-1064-KKM-CPT

MICHELLE SUSKAUER, et al.,

    Defendants.
_____

## ORDER

On October 21, 2022, Anthony D'Amico, proceeding pro se, initiated this action by filing a complaint. Upon review, the Court concludes that his complaint constitutes an impermissible shotgun pleading.

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants

without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, D'Amico's complaint asserts multiple counts against multiple defendants and fails to separate those counts into separate causes of action. Although D'Amico specifies that he brings claims for wire fraud, mail fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), he fails to separate his allegations into separate counts that identify which defendants are involved in each count. Thus, this complaint does not give notice of the claims against the defendants and the grounds upon which each claim rests.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as

a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds).

Separately, Plaintiff's claims appear connected primarily with the Southern District of Florida. If Plaintiff repleads, he should allege facts that demonstrate venue properly lies in the Middle District of Florida.

Accordingly, it is **ORDERED**:

(1) Plaintiff's complaint (Doc. 1) is **STRICKEN**.

(2) Plaintiff's motion for service of summons (Doc. 3) is **DENIED without prejudice** as moot.

(3) By **June 9, 2023**, Plaintiff may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

(4) The Clerk is directed to **STRIKE** Plaintiff's complaint (Doc. 1) and reset deadlines.

**ORDERED** in Tampa, Florida, on May 24, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge